1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAVELL RONDELL JOHNSON,

11          Plaintiff,                    No. CIV S-07-2544 WBS DAD P

12   vs.

13   JOHN McGINNESS, et al.,

14          Defendants.            ORDER

15   _____/

16          Plaintiff is a federal prisoner proceeding pro se.  Plaintiff seeks relief pursuant to

17   42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C.

18   § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with

19   Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $0.10 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

1   Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty

2   percent of the preceding month's income credited to plaintiff's trust account.  These payments

3   will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

4   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

5   § 1915(b)(2).

6           The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, ___ U.S. ___,          , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

23  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

24  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

25  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

26  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

2

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has identified as defendants Sheriff John McGinness; Dr. A Hamby; Dr. S. Tomkiu; Registered Nurse T. Smith; and Nursing Supervisor Suzanne Haley.

1        Plaintiff alleges that he is a federal prisoner currently housed at the Sacramento

2  County Main Jail due to his medical needs.  Plaintiff alleges that he has undergone two major

3  surgeries as a result of a gun shot wound that shattered his shin bone.  Plaintiff alleges that he

4  was housed on the medical floor of the jail from October 3, 2006 to March 16, 2007, at which

5  time plaintiff was told that he was going to be removed from the medical floor and placed in the

6  general population without crutches or a walking cane.

7        Plaintiff alleges that he is forced to walk on his leg and suffers great pain in his

8  leg, knee, and ankle on a regular basis.  Plaintiff contends that, since March 16, 2007, the

9  Sacramento County Main Jail has failed to provide him with the physical therapy he needs.  In

10  fact, plaintiff alleges that he has not been offered physical therapy or seen a physical therapist.

11  Plaintiff alleges that the treatment he has received at the Sacramento County Main Jail amounts

12  to deliberate indifference to his serious medical needs.

13        Plaintiff requests that the court hold defendants accountable for his pain and

14  suffering and that defendants pay him two million dollars in compensatory damages and five

15  million dollars in punitive damages.

16        The allegations in plaintiff's complaint are so vague and conclusory that the court

17  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

18  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

19  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

20  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

21  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

22  with at least some degree of particularity overt acts which defendants engaged in that support his

23  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

24  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

25  amended complaint.

26  /////

1    If plaintiff files an amended complaint, he is advised that in Estelle v. Gamble,

2    429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute

3    cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level

4    of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit

5    has held that before it can be said that a prisoner's civil rights have been abridged, "the

6    indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

7    'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

8    458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

9    In addition, plaintiff is advised that he must allege facts demonstrating how

10   defendants' actions rose to the level of "deliberate indifference."  Plaintiff must allege in specific

11   terms how each named defendant was involved in the denial of his medical care.  Plaintiff's

12   original complaint fails to allege any specific causal link between the actions of the named

13   defendants and the claimed constitutional violations.  There can be no liability under 42 U.S.C.

14   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

15   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

16   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

17   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

18   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19   Plaintiff is informed that the court cannot refer to a prior pleading in order to

20   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

21   complaint be complete in itself without reference to any prior pleading.  This is because, as a

22   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26   /////

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.  Plaintiff's November 28, 2007 application to proceed in forma pauperis is

3   granted.

4          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5   Plaintiff is assessed an initial partial filing fee of $0.10.  All fees shall be collected and paid in

6   accordance with this court's order to the Sheriff of the Sacramento County Main Jail filed

7   concurrently herewith.

8          3.  Plaintiff's complaint is dismissed.

9          4.  Plaintiff is granted thirty days from the date of service of this order to file an

10  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

11  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

12  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

13  amended complaint in accordance with this order will result in a recommendation that this action

14  be dismissed without prejudice.

15  DATED: December 10, 2007.

16

17  _____

18  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

19  DAD:9
    john2544.14

20

21

22

23

24

25

26

                                      6